UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jack T. Ward

   v.                                          Civil No. 12-cv-483-JD

State of New Hampshire

### O R D E R

Before the court is Jack T. Ward's petition for a writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction on thirteen counts of child pornography in the New Hampshire Superior Court. The matter is before the court for preliminary review to determine whether the petition is facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring court to dismiss habeas petition where petition facially demonstrates that there is no entitlement to relief).

### Background

Ward was convicted of possessing child pornography discovered during a search of his home that was conducted pursuant to a search warrant.  In the direct appeal of his conviction, Ward raised only one issue: that the search warrant

authorizing the search of Ward's home was not supported by probable cause, and therefore, the Superior Court erred in denying Ward's pretrial motion to suppress and admitting at trial the evidence obtained during the challenged search. See State v. Ward, 163 N.H. 156, 157, 37 A.3d 353, 355 (2012). The New Hampshire Supreme Court affirmed Ward's conviction. See id. This action followed.

## Claims

Ward now brings this habeas action, seeking to raise the following claims:

1. Ward's Fourth Amendment rights were violated by the admission at trial of inculpatory evidence that was obtained in a search conducted pursuant to a warrant that was: (a) not supported by probable cause; and (b) overbroad.

2. Ward's Sixth Amendment right to the effective assistance of counsel was violated when his trial counsel: (a) failed to raise and preserve for appellate consideration a challenge to the breadth of the search warrant; and (b) "deprived [Ward] of a fair trial as a result of the unreasonabl[e] and incompetent[] handling of [Ward's] criminal case."

3. Ward's conviction violated his rights under the: (a) Fifth Amendment; (b) Fourteenth Amendment; and (c) the New Hampshire constitution.

**Discussion**

Rule 2(c) of the § 2254 Rules requires, in pertinent part, that federal habeas petitions must: "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested." Ward's claims asserting violations of the Fourth Amendment (claims 1(a) and 1(b) above), the state constitution (claim 3(c) above) and the claim concerning his lawyer's failure to raise an overbreadth challenge to the search warrant (claim 2(a) above) are sufficiently detailed to satisfy the pleading requirement for federal habeas claims contained in Rule 2(c).

Claims 2(b), 3(a), and 3(b), as numbered above, however, only generally assert that aspects of Ward's state criminal proceedings violated his Fifth, Sixth, and Fourteenth Amendment rights. Ward provides no indication at all as to the basis for his Fifth and Fourteenth Amendment claims (claims 3(a) and 3(b) above). As to his Sixth Amendment claims, while Ward has asserted a claim based on counsel's failure to raise and adequately preserve an overbreadth challenge to the search

3

warrant (claim 2(a) above), he has also asserted that he intends to bring additional ineffective assistance of counsel claims (claim 2(b) above), but has not cited any specific factual bases for those additional claims.

Ward's initial filing was a motion for a stay to enable him to later file a habeas petition.  The court construed that filing as a habeas petition.  It is perhaps not surprising, therefore, that the filing does not satisfy Rule 2(c) at this time.  In fairness to petitioner, the court now grants Ward the opportunity to satisfy the pleading standard for a habeas action.

Accordingly, Ward is granted leave to file an amended habeas petition, within thirty days of the date of this order, which shall include:

>    1.   A specific statement of each claim for relief Ward seeks to pursue in this action, which includes:
>
>        a.   The federal right allegedly violated for each claim; and
>
>        b.   The facts that support each of the claims; and
>
>    2.   A statement of the relief requested; and
>
>    3.   The present status of any action Ward has filed, or plans to file, in the state courts, to exhaust his state court remedies concerning each of the federal habeas claims he seeks to pursue in this action.

Upon receipt of Ward's amended petition, or the expiration of the thirty day period, the court will proceed with preliminary review of this matter pursuant to § 2254 Rule 4, and, at that time, will consider also Ward's request for a stay to allow him to exhaust his claims in the state courts.

## Conclusion

Ward is granted leave to file an amended petition, as explained above, within thirty days of the date of this order. Failure to file an amended petition as directed, or to seek an extension of time in which to do so, could result in this court's recommendation that the petition be dismissed.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

January 11, 2013

cc: Jack T. Ward, pro se

LBM:jba