```
         UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW HAMPSHIRE
```

Jack T. Ward

   v.                                    Civil No. 12-cv-483-JD

State of New Hampshire


**REPORT AND RECOMMENDATION**


Before the court is Jack T. Ward's petition for a writ of habeas corpus (doc. no. 1) and addendum thereto (doc. no. 6),[1] filed pursuant to 28 U.S.C. § 2254.  The matter is before the court for preliminary review to determine whether the petition is facially valid and may proceed.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules") (requiring court to dismiss habeas petition where petition facially demonstrates that there is no entitlement to relief).


**Background**

Ward was convicted of thirteen counts of possession of child pornography in the New Hampshire Superior Court.  Ward filed a direct appeal and the New Hampshire Supreme Court

---

[1] The initial petition (doc. no. 1) and the addendum (doc. no. 6), will be considered, in the aggregate, as the petition in this matter for all purposes.

("NHSC") affirmed Ward's conviction. See State v. Ward, 163 N.H. 156, 157, 37 A.3d 353, 355 (2012). Ward then timely filed this action, seeking to assert the single claim raised in his direct appeal, as well as new claims that, he concedes, have not been exhausted in the state courts. Ward has requested a stay of this matter to allow him to return to the state courts to exhaust his claims. See Doc. Nos. 1 & 6.

## Claims

Ward asserts the following claims for relief in this action:

    1.   Ward's Fourth Amendment rights were violated when the trial court denied his motion to suppress evidence seized pursuant to a warrant that had been obtained with an affidavit that was not supported by probable cause;

    2.   Ward's Sixth and Fourteenth Amendment rights to the effective assistance of counsel were violated when Ward's trial counsel:

        a.   failed to seek suppression of evidence seized pursuant to a search warrant on the basis that the search warrant was overbroad;

        b.   knew of, but "did nothing" about, the fact that Ward was interrogated, without counsel present, by two members of the Pembroke, New Hampshire, Police Department ("PPD"), after Ward asserted that he wanted to have counsel present during questioning;

        c.   failed to challenge a second search warrant obtained by the PPD to search property that had been seized from Ward's home;

     d.   "ignored" twenty-one potential witnesses identified by Ward that would have testified on Ward's behalf at trial or during pretrial hearings;

     e.   failed to obtain a computer expert to assist in presenting Ward's defense;

     f.   failed to properly present exculpatory information that would have led to Ward's acquittal either prior to or during trial;

     g.   failed to prepare for the possibility that evidence of other charges that were then pending against Ward in a separate case would be introduced at trial, and was thus unprepared when he received only twenty-four hours' notice to prepare to meet that evidence at trial;

     h.   failed to include, in Ward's appeal, a claim that evidence was improperly admitted at trial after the state's witness described it as "not fit[ting] the profile of porn";

     i.   failed to object or recross-examine a key state's witness when the redirect examination exceeded the scope of cross-examination;

     j.   failed to call any expert at trial to counter the state's expert witness testimony at trial;

3.   The admission at trial of statements Ward made to police during an interrogation that was conducted without counsel present after Ward had asserted his right to counsel during questioning violated Ward's: (a) Fifth Amendment right against self-incrimination; and (b) Sixth and Fourteenth Amendment rights to counsel and to a fair trial; and

4.   The facts underlying each claim in this action violated Ward's rights under the provisions of the New Hampshire Constitution analogous to the federal constitutional claims Ward asserts here.

**Discussion**

I. <u>Fourth Amendment Claim (Claim 1)</u>

"[W]here the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." <u>Stone v. Powell</u>, 428 U.S. 465, 494 (1976); <u>see also</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 395 n. 5 (2007); <u>Sanna v. Dipaolo</u>, 265 F.3d 1, 8 (1st Cir. 2001) (Fourth Amendment claims are not cognizable in habeas action unless "petitioner had no realistic opportunity to litigate his Fourth Amendment claim fully and fairly in the state system"). Here, nothing suggests that Ward did not have the opportunity to raise a Fourth Amendment challenge to the breadth of the search warrant executed at his home. Accordingly, Ward's claim alleging that his conviction and sentence were obtained in violation of his Fourth Amendment rights, identified as Claim 1 above, should be dismissed.

II. <u>State Constitutional Violations (Claim 4)</u>

The federal habeas statute, 28 U.S.C. § 2254, "unambiguously provides that a federal court may issue a writ of

habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011) (internal quotation marks and citations omitted). "[F]ederal habeas corpus relief does not lie for errors of state law." Id. (internal quotation marks and citation omitted). Accordingly, the claims Ward intends to assert in this action, alleging violations of the state constitution, identified in the aggregate as Claim 4 above, should be dismissed.

### III. Unexhausted Claims

To be eligible for federal habeas relief, Ward must show that he has raised and exhausted the remedies available to him in the state courts to address his federal claims, or that state corrective processes are unavailable to him or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. at § 2254(c). Unexhausted claims cannot generally be cited as grounds for granting federal habeas relief. See id. at § 2254(b). "[A] petitioner's failure to present his federal constitutional claim to the state courts is

ordinarily fatal to the prosecution of a federal habeas case." Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011). A federal habeas petitioner must "show that he fairly and recognizably presented to the state courts the factual and legal bases of his federal claim." Id. (internal quotation marks and citation omitted).

None of Ward's cognizable federal claims have been litigated in the state courts. Accordingly, those claims are not exhausted.

IV. Stay

Ward has requested a stay of this action to protect the timeliness of his petition while he exhausts his federal claims in the state courts. This court may stay a mixed petition while a habeas petitioner returns to the state court to exhaust her or his unexhausted claims. See DeLong v. Dickhaut, ___ F.3d ___, ___, No. 12-1131, 2013 WL 1919583, *4 (1st Cir. May 6, 2013). Staying a habeas action "'is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust.'" Id. (quoting Rhines v. Weber, 544 U.S. 269, 277 (2005)). District courts must grant a stay to enable a petitioner to exhaust claims in a mixed petition "if the petitioner had good cause for his failure to exhaust, his

unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.

Ward states that he has not yet exhausted his claims because he suffers from epilepsy and temporal sclerosis, conditions which impact his brain function and affect his thinking and memory. Ward states that he needs more time than an average person to exhaust his claims. Ward's assertions are sufficient to allow the court to find good cause for a stay, and there is no indication that Ward has acted in a dilatory fashion to delay the proceedings here. Further, the court cannot determine, on this nascent record, that Claims 2-3, identified above, lack merit. For these reasons, the court should stay this action to allow Ward to exhaust his state remedies for Claims 2 and 3, his unexhausted claims.

## Conclusion

For the foregoing reasons, the court recommends that the district judge issue the following order, to allow Ward time to exhaust the cognizable federal claims in the petition (doc. nos. 1 and 6):

1.   Claims 1 and 4, as numbered in the May 2013 report and recommendation, are dismissed for the reasons explained in that report and recommendation.

2.   This matter is stayed to allow Ward to return to the state courts to exhaust his Claims 2(a)-(j) and 3(a) and (b), as numbered in the May 2013 report and recommendation;

3.   Within sixty days of the date of this order, Ward shall file an action in the state court to begin the exhaustion process, and shall notify this court that he has done so;

4.   During the pendency of the stay, Ward shall notify this court, in writing, of the status of his state court litigation every ninety days, beginning ninety days from the date of this order;

5.   When the New Hampshire Supreme Court has issued its decision on the claims, and the claims are thus exhausted, Ward must so notify this court, and must move to lift the stay in this case, within thirty days of that decision; and

6.   Within thirty days of the NHSC decision, Ward must file an amended petition, containing Ward's exhausted

federal claims, and include as exhibits documentation demonstrating exhaustion of those claims, including notices of appeal, briefs, and any other state court orders or pleadings comprising part of the NHSC record, concerning the relevant claims.

7. Ward's failure to comply with the terms of this order may result in the dismissal of this action, without prejudice, for failure to demonstrate exhaustion.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya B. McCafferty
United States Magistrate Judge

May 28, 2013

cc:   Jack T. Ward, pro se

LBM:jba

Case 1:12-cv-00483-JD   Document 7   Filed 05/28/13   Page 10 of 10